FILED

2010 MAY 11  PM 4: 28

CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY_____DEPUTY

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

ANTHONY ALLEN OLIVER,
CDCR #AA-9551,

                                    Plaintiff,

vs.

WILLIAM D. GORE, et al.,

                                    Defendants.

Civil No.    09-2505 BEN (POR)

**ORDER DISMISSING SECOND AMENDED COMPLAINT FOR FAILING TO STATE A CLAIM PURSUANT TO 28 U.S.C. §§ 1915(e)(2) & 1915A(b) AND FOR FAILING TO EXHAUST ADMINISTRATIVE REMEDIES PURSUANT TO 42 U.S.C. § 1997e**

I.    PROCEDURAL HISTORY

On November 5, 2009, Anthony Allen Oliver ("Plaintiff"), a state prisoner currently incarcerated at California Correctional Institution located in Tehachapi, California and proceeding pro se, filed a civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff did not prepay the $350 filing fee mandated by 28 U.S.C. § 1914(a); instead he filed a Motion to Proceed In Forma Pauperis ("IFP") pursuant to 28 U.S.C. § 1915(a) [Doc. No. 7].

/ / /

/ / /

-1-

09cv2505 BEN (POR)

1   The Court granted Plaintiff's Motion to Proceed IFP, but sua sponte dismissed his
2  Complaint for failing to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2) & 1915A(b). *See* Feb.
3  22, 2010 Order at 7-8.   Nonetheless, Plaintiff was granted leave to file an Amended Complaint
4  in order to correct the deficiencies of pleading identified by the Court. *Id.* at 8.  On February 25,
5  2010, Plaintiff filed his First Amended Complaint ("FAC"), along with a Motion to Appoint
6  Counsel. [Doc. Nos. 11, 12].  The Court, once again, dismissed Plaintiff's First Amended
7  Complaint for failing to state a claim.  On March 22, 2010, Plaintiff filed his Second Amended
8  Complaint ("SAC").

9  **II.    SUA SPONTE SCREENING PER 28 U.S.C. §§ 1915(e)(2) & 1915A**

10   The Prison Litigation Reform Act ("PLRA") obligates the Court to review complaints
11  filed by all persons proceeding IFP and by those, like Plaintiff, who are "incarcerated or detained
12  in any facility [and] accused of, sentenced for, or adjudicated delinquent for, violations of
13  criminal law or the terms or conditions of parole, probation, pretrial release, or diversionary
14  program," "as soon as practicable after docketing." *See* 28 U.S.C. §§ 1915(e)(2) and 1915A(b).
15  Under these provisions, the Court must sua sponte dismiss any IFP or prisoner complaint, or any
16  portion thereof, which is frivolous, malicious, fails to state a claim, or which seeks damages
17  from defendants who are immune. *See* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A; *Lopez v. Smith*,
18  203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (§ 1915(e)(2)); *Resnick v. Hayes*, 213 F.3d
19  443, 446 (9th Cir. 2000) (§ 1915A).

20  **A.    42 U.S.C. § 1983**

21   Section 1983 imposes two essential proof requirements upon a claimant:  (1) that a person
22  acting under color of state law committed the conduct at issue, and (2) that the conduct deprived
23  the claimant of some right, privilege, or immunity protected by the Constitution or laws of the
24  United States. *See* 42 U.S.C. § 1983; *Parratt v. Taylor*, 451 U.S. 527, 535 (1981), *overruled on*
25  *other grounds by Daniels v. Williams*, 474 U.S. 327, 328 (1986); *Haygood v. Younger*, 769 F.2d
26  1350, 1354 (9th Cir. 1985) (en banc).

27  / / /
28  / / /

**B.     Failure to Exhaust Administrative Remedies**

The PLRA amended 42 U.S.C. § 1997e(a) to provide that "[n]o action shall be brought with respect to prison conditions under section 1983 . . . by a prisoner confined in any jail, prison or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). "Once within the discretion of the district court, exhaustion in cases covered by § 1997e(a) is now mandatory." *Porter v. Nussle*, 534 U.S. 516 (2002). "The 'available' 'remed[y]' must be 'exhausted' before a complaint under § 1983 may be entertained," *Booth v. Churner*, 532 U.S. 731, 738 (2001), and "regardless of the relief offered through administrative procedures." *Id.* at 741.   Moreover, the Supreme Court held in *Woodford v. Ngo*, 548 U.S. 81, 83-84 (2006) that "[p]roper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the court of its proceedings." *Id.* at 90. The Court further held that "[proper exhaustion] means . . . a prisoner must complete the administrative review process in accordance with the applicable procedural rules . . . as a precondition to bring suit in federal court." *Id.*

The plain language of 42 U.S.C. § 1997e(a) provides that no § 1983 action "shall be *brought* . . . until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a) (emphasis added).   The Ninth Circuit's decision in *McKinney v. Carey*, 311 F.3d 1198 (9th Cir. 2002) holds that prisoners who are incarcerated at the time they file a civil action which challenges the conditions of their confinement are required to exhaust "all administrative remedies as are available" as a mandatory precondition to suit. *See McKinney*, 311 F.3d at 1198; *see also Perez v. Wis. Dep't of Corrs.*, 182 F.3d 532, 534-35 (7th Cir. 1999) ("Congress could have written a statute making exhaustion a precondition to judgment, but it did not. The actual statute makes exhaustion a precondition to *suit*.") (emphasis original). Section 1997e(a) "clearly contemplates exhaustion *prior* to the commencement of the action as an indispensable requirement. Exhaustion subsequent to the filing of the suit will not suffice." *McKinney*, 311 F.3d at 1198 (quoting *Medina-Claudio v. Rodriquez-Mateo*, 292 F.3d 31, 36 (1st Cir. 2002)).

/ / /

1    Here, Plaintiff admits that he failed to exhaust his available administrative remedies at
2    the time he brought this action because "this is a civil matter between Plaintiff and a county
3    entity, not a state entity." (*See* SAC at 8.)  Plaintiff is seeking to hold individual Sheriff
4    Deputies and William Gore, Sheriff of San Diego County, liable for alleged constitutional
5    violations while he was in their custody.  The plain language of 42 U.S.C. § 1997e(a) provides
6    that "[n]o action shall be brought with respect to prison conditions under section 1983 . . . by a
7    prisoner confined in any jail, prison or other correctional facility until such administrative
8    remedies as are available are exhausted." 42 U.S.C. § 1997e(a).  Thus, Plaintiff is obligated to
9    exhaust all his administrative remedies before bringing this suit and this matter is **DISMISSED**
10   for failing to exhaust his administrative remedies.  *Wyatt*, 315 F.3d at 1120 ("A prisoner's
11   concession to nonexhaustion is a valid ground for dismissal.").  The Court will also consider
12   Plaintiff's claims pursuant to 28 U.S.C. § 1915(e)(2) & § 1915A.

13   **C.     Excessive Force Claims**

14   Plaintiff claims that excessive force was used against another inmate who was being
15   transported with Plaintiff to the Vista Detention Facility. (*See* SAC at 10.)  Specifically, Plaintiff
16   alleges that Defendant Hernandez used excessive force against the other inmate who was
17   "bodyslammed" into Plaintiff causing an injury to Plaintiff.

18   As the Court previously informed Plaintiff, the use of force on a person imprisoned for
19   conviction of a crime can rise to the level of cruel and unusual punishment in violation of the
20   Eighth Amendment when the action amounts to the "malicious or sadistic" use of force. *Hudson*
21   *v. McMillian*, 503 U.S. 1, 7 (1992); *Spain v. Procunier*, 600 F.2d 189, 197 (9th Cir. 1979).
22   However, because Plaintiff was a pretrial detainee during the time period alleged in his Second
23   Amended Complaint, the Fourteenth Amendment applies to Plaintiff's claim.  The Eighth
24   Amendment's prohibitions do not apply "until after conviction and sentence." *Graham v.*
25   *Connor*, 490 U.S. 386, 392 n.6 (1989).  Pretrial detainees, on the other hand, are protected by
26   substantive due process, and may also challenge the use of force against them under the
27   Fourteenth Amendment if that force is so excessive that it amounts to punishment. *Bell v.*
28   *Wolfish*, 441 U.S. 520, 535 (1979) ("[U]nder the Due Process Clause, a detainee may not be

-4-                                                      09cv2505 BEN (POR)

1  punished prior to an adjudication of guilt in accordance with due process of law."). For pretrial

2  detainees, "who have not been convicted of any crimes, retain at least those constitutional rights

3  that we have held are enjoyed by convicted prisoners." *Id.* at 545; *Redman v. County of San*

4  *Diego*, 942 F.2d 1435, 1441 (9th Cir. 1991) (en banc) (holding that "deliberate indifference is

5  the level of culpability that pretrial detainees must establish for a violation of their personal

6  security interests under the Fourteenth Amendment," and "conduct that is so wanton or reckless

7  with respect to the 'unjustified infliction of harm as is tantamount to a knowing willingness that

8  it occur,' will also suffice to establish liability because it is conduct equivalent to a deliberate

9  choice.") (quoting *Whitley v. Albers*, 475 U.S. 312, 321 (1986)); *see also White v. Roper*, 901

10  F.2d 1501, 1507 (9th Cir. 1990) (for a pretrial detainee to show a violation of substantive due

11  process, he must show "egregious government conduct in the form of excessive and brutal use

12  of physical force.").

13      In deciding whether the force used is "excessive," the court should consider: "(1) the

14  need for force; (2) the relationship between the need and the amount of force used; (3) the extent

15  of injury inflicted; and (4) whether the force was applied in good faith."). *Id.*; *cf. Hudson*, 503

16  U.S. at 7 (considering same four *Whitley* factors under Eighth Amendment excessive force

17  analysis); *see also Fontana v. Haskin*, 262 F.3d 871, 881 (9th Cir. 2001) (citing *Rochin v.*

18  *California*, 342 U.S. 165, 169 (1952) (holding that when conduct by governmental officials

19  "offends those canons of decency and fairness which express the notions of justice of

20  English-speaking peoples," and "shocks the conscience," Fourteenth Amendment substantive

21  due process principles are violated)).

22      Regardless of whether the Eighth or Fourteenth Amendment governs Plaintiff's cause of

23  action under 42 U.S.C. § 1983, however, the Court finds that, under either standard outlined

24  above, the allegations set forth in the Second Amended Complaint fail to state an excessive use

25  of force claim based on the use of the mechanical restraints or the fact that Plaintiff was injured

26  during an altercation between a different inmate and jail official.[1] There are no specific factual

27

28      [1] The Ninth Circuit has noted that while different Constitutional provisions may be applied
dependent on whether a plaintiff's claim arise before or after conviction, a "pretrial detainees' rights
under the Fourteenth Amendment are comparable to prisoners' rights under the Eighth Amendment,"

1   allegations to support the objective prong of an excessive force claim.  Additionally, Plaintiff

2   sets forth no allegations whatsoever which, if proven, would satisfy the subjective prong of an

3   excessive force claim.   There are no allegations that any Defendant inflicted any pain

4   maliciously or sadistically.   The allegations fall far short of that necessary to demonstrate

5   "egregious government conduct in the form of excessive and brutal use of physical force."

6   *White,* 901 F.2d at 1507.

7          Plaintiff's Fourteenth Amendment excessive force claims are dismissed for failing to state

8   a claim upon which relief could be granted pursuant to 28 U.S.C. § 1915(e)(2) & 1915A(b).

9          **D.     Equal Protection Claims**

10         Plaintiff further claims that he was denied Equal Protection in violation of his

11  constitutional rights, but it is not clear upon which factual allegations Plaintiff bases this claim.

12  The "Equal Protection Clause of the Fourteenth Amendment commands that no State shall 'deny

13  to any person within its jurisdiction the equal protection of the laws,' which is essentially a

14  direction that all persons similarly situated should be treated alike."   *City of Cleburne v.*

15  *Cleburne Living Ctr., Inc.* 473 U.S. 432, 439 (1985).  In order to state a claim under § 1983

16  alleging violations of the equal protection clause of the Fourteenth Amendment, Plaintiff must

17  allege facts which demonstrate that he is a member of a protected class.  *See Harris v. McRae*,

18  448 U.S. 297, 323 (1980) (indigents); *see also Cleburne Living Ctr.*, 473 U.S. at 440-41 (listing

19  suspect classes).  In this matter, Plaintiff has neither sufficiently plead that he is a member of a

20  suspect class nor has he plead adequate  facts to demonstrate that Defendants acted with an

21  intent or purpose to discriminate against him based upon his membership in a protected class.

22  *See Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998), *cert. denied*, 525 U.S. 1154

23  (1999).

24

25  and therefore, "the same standards apply." *Frost v. Agnos*, 152 F.3d 1124, 1128 (9th Cir. 1998); *but cf.*

26  *Gibson v. County of Washoe*, 290 F.3d 1175, 1188 n.10 (9th Cir. 2002) (noting that while the Court generally looks to Eighth Amendment cases when reviewing conditions of confinement claims raised

27  by pretrial detainees under the Fourteenth Amendment, "[i]t is quite possible . . . that the protections provided pretrial detainees by the Fourteenth Amendment in some instances exceed those provided

28  convicted prisoners by the Eighth Amendment."); *see also Lolli v. County of Orange*, 351 F.3d 410, 419 n.6 (9th Cir. 2003) (quoting *Gibson*, 290 F.3d at 1188 n.10).

1    Thus, the Court finds that Plaintiff's allegations are insufficient to prove invidious
2  discriminatory intent. *Vill. of Arlington Heights v. Metro. Hous. Dev. Corp.*, 429 U.S. 252, 265
3  (1977). Plaintiff's Fourteenth Amendment equal protection claims are dismissed for failing to
4  state a claim upon which § 1983 relief can be granted.

5       **E.    Medical Care Claims**

6       Plaintiff claims that Defendants violated his constitutional rights when they refused to
7  provide him with medical care for his wrist. (*See* SAC at 12.) As stated above, during the time
8  stated in Plaintiff's Second Amended Complaint he was a pre-trial detainee. The Ninth Circuit
9  has held that "an official's deliberate indifference to a substantial risk of serious harm to an
10 inmate - including the deprivation of a serious medical need - violates the Eighth Amendment,
11 and a fortiori, the Fourteenth Amendment." *Conn v. City of Reno*, 591 F.3d 1081, 1094 (9th Cir.
12 2010).

13      In order to assert a claim for inadequate medical care, Plaintiff must allege facts which
14 are sufficient to show that each person sued was "deliberately indifferent to his serious medical
15 needs." *Helling v. McKinney*, 509 U.S. 25, 32 (1993); *Estelle v. Gamble*, 429 U.S. 97, 106
16 (1976). Prison officials must purposefully ignore or fail to respond to Plaintiff's pain or medical
17 needs; neither an inadvertent failure to provide adequate medical care, nor mere negligence or
18 medical malpractice constitutes a constitutional violation. *Estelle*, 429 U.S. at 105-06.

19      Thus, to state a claim, Plaintiff must allege facts sufficient to show both: (1) an
20 objectively "serious" medical need, i.e., one that a reasonable doctor would think worthy of
21 comment, one which significantly affects his daily activities, or one which is chronic and
22 accompanied by substantial pain, *see Doty v. County of Lassen*, 37 F.3d 540, 546 (9th Cir. 1994);
23 and (2) a subjective, and "sufficiently culpable" state of mind on the part of each individual
24 Defendant. *See Wilson v. Seiter*, 501 U.S. 294, 302 (1991).

25      Even if Plaintiff has alleged facts sufficient to establish the existence of a serious medical
26 need, he must also allege that each Defendant's response to his need was deliberately indifferent.
27 *Farmer*, 511 U.S. at 834. In general, deliberate indifference may be shown when prison officials
28 deny, delay, or intentionally interfere with a prescribed course of medical treatment, or it may

1  be shown by the way in which prison medical officials provide necessary care. *Hutchinson v.*
2  *United States*, 838 F.2d 390, 393-94 (9th Cir. 1988).

3      As to the claims that jail officials delayed in seeking medical treatment for Plaintiff's
4  wrist, there are no facts from which the Court can determine whether he has suffered any injury
5  as a result of the Defendants alleged delay in medical treatment. *See Shapley v. Nevada Bd. of*
6  *State Prison Comm'rs*, 766 F.2d 404, 407 (9th Cir. 1985) (a prisoner can make "no claim for
7  deliberate medical indifference unless the denial was harmful."). As to the claims that Plaintiff
8  raises following the fall in his cell, these claims sound in negligence which cannot rise to the
9  level of a constitutional violation. Before it can be said that a prisoner's civil rights have been
10 abridged with regard to medical care, however, "the indifference to his medical needs must be
11 substantial. Mere 'indifference,' 'negligence,' or 'medical malpractice' will not support this
12 cause of action." *Broughton v. Cutter Laboratories*, 622 F.2d 458, 460 (9th Cir. 1980) (citing
13 *Estelle*, 429 U.S. at 105-06); *see also Toguchi v. Chung*, 391 F.3d 1051, 1060 (9th Cir. 2004).

14     Thus, Plaintiff's Fourteenth Amendment inadequate medical care claims are
15 **DISMISSED** for failing to state a claim upon which relief may be granted.

16     Accordingly, the Court must **DISMISS** Plaintiff's Second Amended Complaint for all
17 the reasons set forth above, but will provide Plaintiff with the opportunity to file a Second
18 Amended Complaint to correct the deficiencies of pleading identified by the Court.

19 **III.    CONCLUSION AND ORDER**

20     Good cause appearing therefor, **IT IS HEREBY ORDERED** that:

21     Plaintiff's Second Amended Complaint is **DISMISSED** without prejudice pursuant to
22 28 U.S.C. §§ 1915(e)(2)(b) and 1915A(b) and for failing to exhaust his administrative remedies.
23 However, Plaintiff is **GRANTED** thirty (30) days leave from the date this Order is filed in
24 which to file a Third Amended Complaint which cures all the deficiencies of pleading noted
25 above. Plaintiff's Amended Complaint must be complete in itself without reference to the
26 superseded pleading. *See* S.D. CAL. CIVLR 15.1. Defendants not named and all claims not re-
27 alleged in the Amended Complaint will be considered waived. *See King v. Atiyeh*, 814 F.2d 565,
28 567 (9th Cir. 1987). Further, if Plaintiff's Amended Complaint fails to state a claim upon which

1   relief may be granted, it may be dismissed without further leave to amend and may hereafter

2   be counted as a "strike" under 28 U.S.C. § 1915(g). *See McHenry v. Renne*, 84 F.3d 1172, 1177-

3   79 (9th Cir. 1996).

4       The Clerk of Court is directed to mail Plaintiff a court approved form § 1983 Complaint.

5   **IT IS SO ORDERED.**

6   DATED: May // , 2010

7                                           **HON. ROGER T. BENITEZ**
                                            United States District Judge

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28